**UNITED STATES, Appellee,**

v.

**Specialist Four Eddie J. JONES SSN 257–11–2266, United States Army, Appellant.**

**SPCM 18109.**

U. S. Army Court of Military Review.

30 March 1983.

---

---

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Major Patrick F. Crow, JAGC, and Captain Barbara M. Lederer, JAGC, were on the pleadings for appellant.

on the record to establish the accused's awareness of the defense and resolve the issue.

Lieutenant Colonel John T. Edwards, JAGC, Captain Glenn G. Gillett, JAGC, and Captain Michael S. Child, JAGC, were on the pleadings for appellee.

Before HANSEN, MILLER and BADAMI, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

The appellant was tried by a military judge sitting as a special court-martial at Fort Benning, Georgia. Pursuant to his pleas, he was convicted of attempting to escape from lawful custody and wrongfully possessing marihuana, in violation of Articles 80 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 934 (1976). Contrary to his plea he was found guilty by exceptions and substitutions of assaulting a military policeman in the execution of his duties, in violation of Article 134, UCMJ. Thereupon, appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $367.00 pay per month for 6 months, and reduction to Private E–1.

Although the record of trial and allied papers do not indicate the exact unit or date of arrival, appellant was assigned to a unit in Germany in December 1981. Approximately a month later, on the 17th or 18th of January 1982, the appellant was subsequently returned to the United States on emergency leave. On 8 February 1982, he was then attached to the 18th Replacement Detachment, 36th Engineer Corps, Fort Benning, apparently for compassionate reasons. On 8 March 1982, appellant received orders relieving him from attachment to the 18th Replacement Detachment and directing him to report to his parent unit in Germany no later than 15 March 1982. The offenses of which appellant was convicted were committed on 9 March 1982.

Appellant contends that because a relievement order, reassigning him to his former unit, was issued before the commission of the charged offenses, the officers forwarding the charges against appellant acted improperly, and therefore, the entire proceeding "was affected in a jurisdictional sense." We disagree.

■ Initially we note that the power of a court-martial to try offenders, once it is convened, is not limited to persons under the command of the convening authority, Article 21 and 22, UCMJ, 10 U.S.C. §§ 821, 822; *United States v. Wyatt*, 15 B.R. (Army) 217, 255 (1943); paragraph 2–1*b*(8), Department of the Army Pamphlet 27–174 (1 May 1980). Thus, there is no question but that the officer who convened the court had the power to convene appellant's court-martial regardless of whether appellant was under his command. The question we confront is one of procedural irregularity in forwarding charges.

Upon the preferral of charges, action will "ordinarily" be taken by the commanding officer immediately authorized to exercise powers over the accused under Article 15, UCMJ. Article 30, UCMJ, 10 U.S.C. § 830; paragraph 32, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev.)). Ordinarily, the accused's immediate commanding officer will have three options: (1) dismiss the charges; (2) act on them at nonjudicial punishment proceedings under Article 15, UCMJ; or (3) take action directed toward referring the charges to an appropriate court-martial. Paragraph 32, MCM 1969 (Rev.). If the accused's immediate commanding officer deems it appropriate, he will forward the charges to the officer exercising summary court-martial jurisdiction over the accused. The summary court-martial convening authority may be the same or a superior commanding officer, *see* Article 24, UCMJ, 10 U.S.C. § 824. He is subject to the same basic considerations as the immediate commanding officer and will "ordinarily" dispose of the charges in a similar manner, but with the additional power to convene a court-martial to try the charges. *See generally* paragraphs 33–35, MCM 1969 (Rev.). Although the authority of the accused's commanders has been likened to that of a civilian prosecutor in the exercise of his prosecutorial discretion, the authority is not without limits. A superior

commander may overrule a subordinate commander's decision to dismiss, and may prefer or cause to be preferred new charges in place of those dismissed. Paragraph 29*b*, 32*d*, MCM 1969 (Rev.); *United States v. Werthman*, 5 U.S.C.M.A. 440, 18 C.M.R. 64 (1955). As with the decision to dismiss, a decision to impose nonjudicial punishment may also be revoked by superior authority and new charges may be preferred in the case of a "serious" offense. Paragraph 128 *b*, 68*g*, MCM 1969 (Rev.).

■ In view of the requirements of the Code and the Manual, it is plain that the commander, 18th Replacement Detachment and the commander, 36th Engineer Corps, were not authorized to exercise powers over the appellant. Thus, it is equally clear that there was procedural error since the forwarding of charges was not in accordance with Article 30, UCMJ, and the provisions of the Manual. This error, however, does not affect the jurisdiction of the court. The use of the term "ordinarily" and the "advisory" nature of the commanders' discretion, lead us to the conclusion that the defect does not involve an "indispensable prerequisite" to the exercise of jurisdiction. *United States v. Vanderpool*, 4 U.S.C.M.A. 561, 16 C.M.R. 135 (1954).* *See also United States v. Emerson*, 1 U.S.C.M.A. 43, 1 C.M.R. 43 (1951); *United States v. May*, 1 U.S.C.M.A. 174, 2 C.M.R. 80 (1952).

The question remains, did the error substantially prejudice the rights of the accused? We have previously noted the power of an accused's commanders to dismiss or dispose of charges by nonjudicial proceedings under Article 15, UCMJ. A commander may also recommend a lower level of court-martial more favorable to an accused. Appellant argues that prejudice is apparent since he was "denied the right to have the

charges against him considered by a chain of command more familiar with his duty performance." On the contrary, here the appellant was assigned to his "unit" in Germany for the short space of a month during which much time was undoubtedly spent in-processing. Such a short span of time would provide little time or opportunity to become familiar with the accused's duty performance. Had a favorable impression of the accused been created, we are sure that counsel would have proffered the commanders' views at trial or attempted to present this to the convening authority in the exercise of his post-trial clemency powers. Moreover, as the situs of the offense and the available witnesses were all located at Fort Benning, the procedural irregularity could easily have been cured by reassigning or attaching appellant to the 18th Replacement Battalion for disposition of the charges. We conclude the error was without prejudice.

The findings of guilty and the sentence are affirmed.

---

* The legislative history of another pretrial procedure, under Article 32, Uniform Code of Military Justice, indicates that Congress did not intend that to raise defects in that pretrial procedure to the level of jurisdictional error. Rather, a failure to comply with the Codal requirement will not constitute reversible error unless such error "materially prejudice[s] the substantial rights of the accused." *See* Establishing a Uniform Code of Military Justice: Hearings Before the Senate Armed Services Committee on H.R. 4080; Senate Report Number 486, 81st Congress, 1st Session at 16, 17 (1949); House Report Number 491, 81st Congress, 1st Session at 19–20 (1949). The legislative history of Article 30 incorporates a similar intent in dealing with the panoply of procedures before trial under Articles 31–35, 10 U.S.C. §§ 831–835. *Id.* at 16.