**UNITED STATES, Appellee,**

v.

**Private (E–2) John A. GILFORD, SSN 261–02–2871, United States Army, Appellant.**

**SPCM 17884.**

U.S. Army Court of Military Review.

31 May 1983.

Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain Warren G. Foote, JAGC, and Major Patrick F. Crow, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Thomas M. Curtis, JAGC, and Captain Gareth E. Shaw, JAGC, were on the pleadings for appellee.

Before HANSEN, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was tried by a military judge sitting as a special court-martial. He pleaded guilty to missing movement, violation of Article 87, Uniform Code of Military Justice, 10 U.S.C. § 887, and was sentenced to a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $365.00 pay per month for four months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

On appeal, as at trial, appellant claims the Government failed to comply with paragraph 32, Manual for Courts-Martial, United States, 1969 (Revised edition). We do not agree.

Appellant's battalion deployed to the Sinai on 15 March 1982 while he was absent without leave. All personnel of the battalion who did not deploy were attached to the rear detachment, an organization created expressly for such conditions and comprised of various elements and personnel and commanded by a Captain W. *See Department of Defense Dictionary of Military and Associated Terms,* Joint Chiefs of Staff Publication No. 1 (1 June 1979) at 108. Although appellant was not attached to the rear detachment by written orders, we need not hesitate in our finding that he was indeed attached to that organization. Captain W formally assumed command of the organization and was the individual that higher authority looked to for the administration and discipline of the organization and those individuals who did not deploy with the parent battalion. *See Dictionary of United States Army Terms,* Army Regulation 310–25 (1 June 1979) at 93; paragraph 3–1, Army Regulation 600–20 (15 October 1980). We find that Captain W had authority to exercise Article 15, Uniform Code of Military Justice punishment over the appellant

and thus correctly forwarded the charges to the convening authority. *See* paragraph 3–8, Army Regulation 27–10 (1 September 1982). Even if procedural error had been found, it would not have affected the jurisdiction of the court-martial but would have been tested for substantial prejudice. *See United States v. Jones,* 15 M.J. 890 (ACMR 1983).

Accordingly, the findings of guilty and the sentence are affirmed.*

---

* So much of the convening authority's action, dated 20 July 1982, as states "and will be duly executed" is incorrect in law and is set aside. Manual for Courts-Martial, United States, 1969 (Revised edition), par. 88*d*(1); *United States v. Johnson,* 49 C.M.R. 467, 468 (ACMR 1974).