**UNITED STATES, Appellee,**

v.

**Staff Sergeant Thurman Lee AUTREY, SSN 267–02–9193, United States Army, Appellant.**

**CM 440638.**

U. S. Army Court of Military Review.

9 Oct. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert D. Ganstine, JAGC, and Captain Joseph A. Russelburg, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Richard J. Fadgen, JAGC, were on the pleadings for appellee.

Before FULTON, McKAY and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

McKAY, Judge:

Contrary to his pleas, appellant was convicted of two specifications of violation of a lawful general regulation by soliciting and accepting money from trainees under his control. He was sentenced to be reduced to the grade of Private E–1 and to be discharged from the service with a bad-conduct discharge. The convening authority approved the sentence but suspended the execution of the discharge for a period of six months.

The appellant assigns three errors:

### I

THE MILITARY JUDGE ERRED BY DENYING THE APPELLANT'S MOTION TO DISMISS ALL CHARGES AND SPECIFICATIONS ON THE GROUND THAT THE CHARGES HAD NOT BEEN SWORN TO BY THE APPELLANT'S ACCUSER.

### II

THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING THE APPELLANT'S CHALLENGE FOR CAUSE AGAINST COMMAND SERGEANT MAJOR NIHISER.

### III

THE MILITARY JUDGE'S INSTRUCTIONS CONCERNING THE ELEMENTS OF THE OFFENSE ALLEGED BY THE SPECIFICATIONS ... [OF WHICH APPELLANT WAS CONVICTED] WERE PREJUDICIALLY INADEQUATE IN THAT THE INSTRUCTIONS DID NOT REQUIRE THE COURT TO ELECT THE BASIS FOR FINDINGS OF GUILTY OF SPECIFICATIONS WHICH ALLEGED TWO DIFFERENT ACTS OF CRIMINAL CONDUCT.

After receiving the charge sheets for a second additional charge and two specifications from the Battalion Personnel Action Center, appellant's company commander, Lieutenant Barto, read the charges to him and signed the charge sheet, Department of Defense Form 458, as the accuser.[1] Lieutenant Barto was not under oath at the time he signed, but soon thereafter, with appellant in tow, he appeared before the battalion adjutant, a commissioned officer, raised his right hand and was asked "Do you swear to the charges?" and "Are the

---

1. Appellant was charged originally with five specifications of violation of a general regulation for activities involving the receipt of money from trainees. He was later charged with three specifications of larceny and an additional charge of soliciting and accepting money from a trainee. All of these charges were either dismissed or resulted in acquittal.

charges true to the best of your knowledge or belief?". To both questions Lieutenant Barto replied "Yes." The record is unclear but it appears that at that point the adjutant signed the affidavit on page 3 of Department of Defense Form 458.

At a pretrial Article 39(a), 10 U.S.C. § 839(a) session the appellant objected to his trial on these charges as being unsworn. The military judge overruled the objection and the appellant asserts this was error. We disagree.

In examining the appellant's contention, the first question that is raised is whether the actions of Lieutenant Barto and the battalion adjutant accomplished the required oath. If this question is answered in the affirmative, a second question that must be answered is what is the effect, if any, of the lieutenant having signed Department of Defense Form 458 outside the presence of the adjutant who administered the oath.

In no case may an accused be tried on unsworn charges over his objection. *United States v. Taylor*, 15 U.S.C.M.A. 565, 36 C.M.R. 63 (1965); *United States v. Sledge*, 48 C.M.R. 869 (A.C.M.R.1974).[2] Article 30(a), Uniform Code of Military Justice, 10 U.S.C. § 830 (1976)[3], requires that charges must be signed under oath before a commissioned officer by a person subject to the code, that they be investigated and that they are true in fact to the best of the accuser's knowledge and belief. The form for the oath set out in Department of Defense Form 458 is prescribed only by the Manual for Courts-Martial, United States,

1969 (Revised edition), paragraph 114*i*. The Manual provides further[4] that there is no particular procedure to be used in administering an oath; that any procedure which appeals to the conscience of the person to whom the oath is administered to speak the truth is sufficient.

The purpose of the oath is to provide a safeguard to an accused with which, by timely objection at the trial, he may protect himself from prosecution upon unfounded, frivolous or malicious charges. *United States v. Taylor, supra; United States v. Westergren*, 14 C.M.R. 560 (A.B.R. 1953). Although the procedure for administering oaths described in paragraph 112*d* of the Manual should be used when charges are sworn, a deviation therefrom is not necessarily fatal, as substantial compliance is all that is necessary. *United States v. Koepke*, 15 U.S.C.M.A. 542, 36 C.M.R. 40 (1965); *see In re Rice*, 181 N.E.2d 742, 35 Ill.App.2d 79 (1962).

In this case the actions of the parties, the circumstances under which they performed, knowledge of their individual responsibilities and their intentions with regard thereto, were sufficient to establish that an oath was taken with respect to the charges in question. We note in addition that the oath occurred in the presence of the appellant. Accordingly, we have no doubt that the objective of Article 30(a) and paragraph 114*i* of the Manual was accomplished.

In considering the second question raised by this issue, what is the effect of

---

2. This requirement for an oath is waived by an accused's failure to object. *United States v. Taylor, supra.*

3. "§ 830. Art. 30. Charges and specifications
    (a) Charges and specifications shall be signed by a person subject to this chapter under oath before a commissioned officer of the armed forces authorized to administer oaths and shall state—
    (1) that the signer has personal knowledge of, or has investigated, the matters set forth therein; and

    (2) that they are true in fact to the best of his knowledge and belief.
    (b) Upon the preferring of charges, the proper authority shall take immediate steps to determine what disposition should be made thereof in the interest of justice and discipline, and the person accused shall be informed of the charges against him as soon as practicable."

4. Paragraph 112*d*.

Lieutenant Barto having signed outside the presence of the officer who administered the oath, we read Article 30(a) as a legislative intention to establish a requirement that an oath be administered to one preferring charges for the reasons previously denoted. The signing of Department of Defense Form 458 by both the accuser and the person administering the oath is merely a recordation of the fact and is not a part of the oath and is not a part of its actual accomplishment. It is the swearing that is of critical importance and so long as this is accomplished, a ratification of a signature by word or deed is sufficient to comply with the signing requirement. *United States v. Koepke, supra.*

Turning to the appellant's second issue we note that during voir dire of the court members, Command Sergeant Major Nihiser stated that he would hold a drill sergeant to a higher standard (of conduct) than any other soldier. The Command Sergeant Major also stated that he believed that a drill sergeant should know everything that is going on in his platoon if he is doing his job properly. Nihiser, in response to questioning by the military judge, stated further that he believed he could be fair and impartial and would follow the military judge's instructions as to the law. The defense challenged Command Sergeant Major Nihiser for cause, advising the military judge that appellant, a drill sergeant, would testify in his defense that if money had been collected in his platoon he had no knowledge of it. The appellant did in fact so testify and other evidence was presented that money had been solicited and collected from trainees in appellant's platoon.

■ An accused has no right to court members who believe him innocent, but he does have an unqualified right to members whose minds are uncommitted on the question. *United States v. Deain,* 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954). Once the issue of

bias is raised and there is a challenge for cause, the proper test to evaluate the propriety of the military judge's denial of the challenge is whether the prospective court member is mentally free to render an impartial finding based on the evidence. *United States v. Parker,* 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955). The military judge's decision will not be disturbed on appeal absent an abuse of discretion and a showing of prejudice to the accused. *United States v. Findlay,* 7 M.J. 931 (A.C.M.R.1979); *United States v. Baker,* 2 M.J. 773 (A.C.M.R. 1976).

■ In the instant case Command Sergeant Major Nihiser's statements to the military judge show that he did not have an inelastic attitude, that he would follow the military judge's instructions, and that he was mentally free to render an impartial finding based upon the law and the evidence. We hold that the military judge did not abuse his discretion in denying the challenge for cause.

■ The appellant's final assignment of error, that the military judge's instructions were inadequate because they did not require the members to elect the basis for their findings of guilty of the specifications which alleged "soliciting and accepting"[5] money from trainees, is found to be without merit. The military judge initially instructed the members that an element of the two specifications in question was that appellant "solicited and accepted" money from certain trainees. After retiring to consider its verdict, the court reopened to ask whether it could reach a finding of soliciting separate from accepting. The military judge instructed the court members that if they found appellant had not committed one of the criminal acts (soliciting or accepting money) they could find him guilty of the other by excepting the appropriate words from the specification[s].

---

**5.** The general regulation of which appellant was accused of violating prohibited "soliciting

or accepting" money from trainees.

■ The military judge properly instructed the court members that they could find appellant guilty of only one or both of the offenses charged in each specification and instructed them on the mechanics of doing so. The findings indicate that in each specification the appellant was found to have committed both acts. We agree that the evidence warranted such findings.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge COHEN concur.