**UNITED STATES, Appellee,**

v.

**Specialist Four George HAYDEN, Jr., SSN 425–08–9771, United States Army, Appellant.**

**SPCM 19012.**

U.S. Army Court of Military Review.

16 Jan. 1984.

Captain Kenneth G. Gale, JAGC, argued the cause for appellant. With him on the pleadings were Lieutenant Colonel William P. Heaston, JAGC, and Captain Harry L. Williams, Jr., JAGC.

Captain Kurt J. Fischer, JAGC, argued the cause for appellee. With him on the pleadings were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before HANSEN, McKAY and WATKINS, Appellate Military Judges.

OPINION OF THE COURT

McKAY, Senior Judge:

The appellant was convicted pursuant to his pleas of guilty to indecent assault and burglary. A special court-martial composed of officer and enlisted members sentenced him to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $300.00 pay per month for six months, and reduction to the grade of Private E–1. The convening authority approved the bad-conduct discharge but reduced to some extent the confinement and forfeitures. The main issue now before this Court on appeal is whether the military judge erred by denying the challenge of a court member for cause.

During voir dire of the members empaneled for sentencing, Captain Ramsey stated that the probability that he would adjudge a bad-conduct discharge based upon the offenses of which the appellant had been convicted was "95% or greater." He explained that he believed that there was no place in the Army for individuals who commit indecent assaults. When the trial counsel asked whether Captain Ramsey could listen to all of the evidence in extenuation and mitigation with an open mind, he agreed, but frankly repeated that there was an ex-

tremely high probability that he would adjudge a bad-conduct discharge. He also revealed that while the needs of society and the individual should be considered in sentencing an accused, he felt "very deeply" that the needs of the Army were paramount. When the trial counsel asked him how he would vote if the defense presented a "compelling" case for rehabilitation, Captain Ramsey replied that he could vote for rehabilitation, although "the probability isn't high."

■■■ If a court member's answers during voir dire reflect an inelastic predisposition to impose a punitive discharge based solely on the nature of the crime, a challenge for cause against the member should be sustained. *United States v. Tippit,* 9 M.J. 106 (C.M.A.1980); *United States v. Karnes,* 1 M.J. 92 (C.M.A.1975). *See United States v. Parker,* 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955); *United States v. Autrey,* 12 M.J. 547 (A.C.M.R.1981). A predisposition is inelastic when it "will not yield to the evidence presented and the judge's instructions." *United States v. McGowan,* 7 M.J. 205, 206 (C.M.A.1979). We find that Captain Ramsey amply demonstrated such a predisposition.

■■ The case at hand is close in its facts to *United States v. Karnes, supra.* There, a member expressed the view, during voir dire, that one of the offenses of which Karnes was convicted warranted a punitive discharge. While the member declared that he would listen with an open mind to matters presented in extenuation and mitigation and that he would consider these matters in arriving at a sentence, he said that it would be hard for him to conceive of any mitigating circumstances that would alter his predisposition. *United States v. Karnes,* 1 M.J. at 93–94. Like that member, Captain Ramsey stated that he would keep an open mind and consider all evidence in extenuation and mitigation in determining an appropriate sentence. But also like the member in *Karnes,* Captain Ramsey's other remarks, specifically that there remained a 95% probability that he would recommend a punitive discharge even should the defense present compelling evidence of rehabilitation potential in mitigation and extenuation, demonstrate that he was not mentally free to render an impartial sentence based on the law and the evidence. *United States v. Parker,* 6 U.S.C.M.A. at 284–85, 19 C.M.R. at 410–411. We find that the military judge clearly abused his discretion by denying the challenge for cause. *See United States v. Deain,* 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954); *United States v. Boyd,* 7 M.J. 282 (C.M.A.1979); *United States v. Montgomery,* 16 M.J. 516 (A.C.M.R.1983).

After his challenge for cause of Captain Ramsey was denied, the defense counsel asked the military judge if he might be given two peremptory challenges. The military judge declined, and defense counsel challenged Captain Ramsey peremptorily. Counsel stated for the record that he would have used his peremptory challenge against another member, Captain Wagner, if he had not been forced to use it against Captain Ramsey. Citing *United States v. Harris,* 13 M.J. 288 (C.M.A.1982), the appellant contends before this Court that by being forced to use his peremptory challenge on Ramsey he has suffered cognizable prejudice. The government replies that *Harris* notwithstanding, the law with respect to the forced use of a peremptory challenge is unsettled. It argues that if a member against whom a challenge for cause should have been granted is subsequently removed from the panel by peremptory challenge the accused suffers no prejudice unless he can demonstrate that the panel which ultimately sentenced him was not impartial. Merely naming another member against whom the peremptory would have been used, argues the government, does not accomplish this. The government would have defense counsel state some basis for exercising his peremptory challenge against the second member. Otherwise, the appellant cannot complain, concludes the government, because the panel which sentenced him was presumably impartial and that, after all, is the purpose of challenges, for cause or peremptory. We do not agree.

While the right of peremptory challenge is not secured by the Constitution, *Stilson v. United States,* 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919), it is nonetheless an important codal right. *United States v. Harris,* 13 M.J. at 292; Article 41(b), Uniform Code of Military Justice, 10 U.S.C. § 841(b) (1976). *See Pointer v. United States,* 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894). The peremptory challenge, like the challenge for cause, is given the accused and the government to ensure that members who try the case will decide it impartially. *Swain v. Alabama,* 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965). The Supreme Court has observed,

> While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable.

*Swain v. Alabama,* 380 U.S. at 220, 85 S.Ct. at 836, *citing Hayes v. Missouri,* 120 U.S. 68, 70, 7 S.Ct. 350, 351, 30 L.Ed. 578 (1887). To argue as the government does in this case that the appellant demonstrated no prejudice because he did not articulate some reason for desiring to challenge Captain Wagner peremptorily, is to penalize him for something which may be near to impossible and for which the peremptory challenge is intended as a substitute. Manual for Courts-Martial, United States, 1969 (Revised edition) paragraph 62*e* [hereinafter cited as Manual].

If the appellant had been tried in a federal district court for offenses analogous to those for which he was court-martialed, he would have been entitled to ten peremptory challenges. Fed.R.Crim.P. 24(b). In that situation, had he exercised only two peremptory challenges to remove Captain Ramsey and Captain Wagner we might be inclined to concur with the government that

appellant had suffered no prejudice. We would do so, however, not because the demonstrably partial member, Captain Ramsey, had been removed from the panel but because the appellant would not have exhausted his right of peremptory challenge. *See Stroud v. United States,* 251 U.S. 15, 21, 40 S.Ct. 50, 52, 64 L.Ed. 103 (1919); *Hopt v. Utah,* 120 U.S. 430, 7 S.Ct. 614, 30 L.Ed. 708 (1887). *Cf. United States v. Shaffer,* 2 U.S. C.M.A. 75, 6 C.M.R. 75, 77 (1952) (use of accused's peremptory challenge to remove member against whom challenge for cause improperly denied not prejudicial where, upon appointment of additional member to reach quorum, defense counsel announced "the accused has no challenges for cause and no peremptory challenge"). At a court-martial, the accused has only one peremptory challenge. Article 41(b), Uniform Code of Military Justice, 10 U.S.C. § 841(b) (1976). When he exercises that challenge to cure error by the trial judge, the right is exhausted, a situation which in the federal circuits would appear to require reversal. *Carr v. Watts,* 597 F.2d 830 (2d Cir.1979); *United States v. Rucker,* 557 F.2d 1046, 1049 (4th Cir.1977); *United States v. Nell,* 526 F.2d 1223 (5th Cir.1976); *United States v. Turner,* 558 F.2d 535 (9th Cir.1977).* Reversal under such circumstances would appear consistent with the views of the Court of Military Appeals, at least when there is evidence on the record that the appellant would have exercised his peremptory challenge against someone else had his challenge for cause been sustained. *United States v. Harris,* 13 M.J. at 292 (Fletcher, J.), *id.* at 293–294 (Everett, C.J., dissenting).

Under existing military law, the appellant's defense counsel did everything apparently necessary to preserve the issue of the loss of his peremptory challenge for appeal. *United States v. Harris,* 13 M.J. at 292 (Fletcher, J.), *id.* at 293–294 (Everett, C.J., dissenting). We hold that the military

---

* The government cites *United States v. Brown,* 644 F.2d 101, 103–104 (2d Cir.1981), *Nick v. United States,* 122 F.2d 660 (8th Cir.1941), and *Mares v. United States,* 383 F.2d 811, 812 (10th Cir.1967), for the proposition that "the exercise of a peremptory challenge against a venireman unsuccessfully challenged for cause cures the

alleged error." We note that only in *Brown* is there any suggestion that the accused had exhausted his peremptory challenges, 644 F.2d at 107 (Oakes, J., dissenting), and in that decision cure by peremptory challenge constitutes only an alternative holding without citation of authority.

judge's abuse of discretion in denying the appellant's challenge for cause operated to the prejudice of his substantial right of peremptory challenge.

We take this opportunity to repeat the admonition of the Manual for Courts-Martial that the military judge should be liberal in passing on challenges for cause. Manual, paragraph 62*h*(2). We note, as Chief Judge Everett recently has, this exhortation seems often to have been ignored by judges seemingly reluctant to sustain valid challenges for cause. *United States v. Mason,* 16 M.J. 455, 457 (C.M.A.1983). Likewise, trial counsel must maintain a broad view of the voir dire and challenge process, so as not to lose perspective in the advocate's instinct not to lose a point. "[I]n deciding whether to oppose a defense challenge for cause, trial counsel should consider whether he is creating an appellate issue without any corresponding gain for the government." *United States v. Mason,* 16 M.J. at 458 (Everett, C.J., dissenting). If this guidance is followed, issues involving denial of a challenge for cause need not so frequently come before this Court.

We find no merit to the appellant's personally cited contention that he was denied credit for illegal pretrial confinement or to the remaining assignments of error.

The findings of guilty are affirmed. The sentence is set aside and a rehearing may be ordered by the same or a different convening authority.

Chief Judge HANSEN and Judge WATKINS concur.