UNITED STATES, Appellee,

v.

Private First Class Paul E. LANE, SSN
446–64–7105, United States
Army, Appellant.

SPCM 18920.

U.S. Army Court of Military Review.

13 June 1984.

Colonel R. Rex Brookshire II, JAGC, Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Thomas J. Feeney, JAGC, and Captain Barbara M. Lederer, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Karen Charbonneau, JAGC, and Captain Howard G. Cooley, JAGC, were on the pleadings for appellee.

Before MOUNTS, YAWN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

A court-martial with members convicted appellant, contrary to his pleas, of assault

upon and disrespect to a superior noncommissioned officer, aggravated assault, violation of a lawful regulation, and wrongful communication of a threat, in violation of Articles 91, 128, 92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 928, 892, and 934. The approved sentence provides for a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $350.00 pay per month for three months, and reduction to Private E–1.

Appellant contends the military judge abused his discretion by failing to grant his challenge for cause against a court member on the ground that he possessed an inelastic attitude. During *voir dire*, the court member, Major Zola, stated that in certain circumstances he felt the burden of proof was on the accused. Major Zola's statement was consistent with his answers to a defense prepared "jury questionaire" wherein he said, "Quite frankly, the burden of proof is on the accused. Only in cases where the defense has shown a complete screwup on the part of the system, our chain, will I go for the accused. Soldiers can always find some NCO or officer to be a character witness. One can always nit-pick paperwork, actions, et cetera." Moreover, during *voir dire* Major Zola explained that he viewed extenuation and mitigation evidence with skepticism as a result of his six-month stint as a court member. He also opined that accused persons were reluctant to accept personal responsibility for their delictions.

Recognizing that Major Zola had expressed a predisposition against accused persons the military judge confronted him by saying:

Now, Major Zola, you know, I can tell that you haven't been—maybe impressed with the way the legal system goes sometimes and neither have I and most other lawyers and most other people in the Army probably, but do you feel that you can sit here and follow my instructions as to reasonable doubt, burden of proof, without any problem?

After receiving an affirmative reply, the military judge denied the defense's challenge for cause. We hold that his ruling was erroneous.

An accused is entitled to court members who have fair and open minds and who are uncommitted on the issue of his guilt or innocence. *United States v. Autrey*, 12 M.J. 547 (A.C.M.R.1981). If a court member divulges information during *voir dire* which reveals that he has an inelastic predisposition against the accused, a challenge for cause against the member should be granted. *United States v. Hayden*, 17 M.J. 749 (A.C.M.R.1984). A member's initial predisposition against an accused will not necessarily disqualify him. Rather, it is the elasticity of the member's predisposition which determines what, if any, corrective action is required. *United States v. Cantu*, 15 M.J. 534 (A.F.C.M.R. 1982). The test for inelasticity is whether the member will yield his predisposition to the evidence and the judge's instructions. A member's initial expression of bias may be overcome if he unequivocally states that he will adjudicate the case on the basis of the evidence and in accordance with the judge's instructions rather than on his preconceived ideas. However, the member's disclaimer of bias will not by itself decide the question. *United States v. Hayden, supra*. Two requirements must be met: first, the disclaimer must be "delivered in a manner indicative of truthfulness, that is in a confident or unequivocal manner"; second, assuming the disclaimer was sincere, it must not be controverted by other evidence of record "which raised the question of implied bias...." *United States v. Harris*, 13 M.J. 288, 291–92 (C.M.A.1982) (citations omitted).

Our examination of the record convinces us that Major Zola's disclaimer of bias failed to meet the aforementioned criteria. In the first place, the military judge's inquiry of Major Zola fell short of eliciting his sincerity. The questions posed to him were limited in number, insufficiently incisive, and conclusory in nature. In effect, they failed to establish that Major Zola was unbiased with respect to the law surrounding the burden of proof.

Secondly, the evidence of record contradicts Major Zola's disclaimer. His was not the loosely held preconception of an uninformed lay person who erroneously believed that the burden of proof rests with the accused. Rather, this was the opinion of an experienced court member who, we presume, understood the principles governing the burden of proof in criminal cases but who, upon reflection, rejected their application where they would be of benefit to accused persons. His deliberate formulation of a jurisprudential philosophy completely at odds with the law, at the very least, implies that his bias was inelastic.

We reiterate that paragraph 62h(2) of the Manual for Courts-Martial, United States, 1969 (Revised edition), counsels military judges to "be liberal in passing on challenges." The circumstances of this case clearly warranted granting appellant's challenge and the judge's failure to do so amounted to an abuse of discretion.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge MOUNTS and Judge YAWN concur.