**UNITED STATES, Appellee,**

v.

**Sergeant First Class Floyd A. LAUZON, 531–52–8255, United States Army, Appellant.**

**CM 446287.**

U.S. Army Court of Military Review.

31 Jan. 1986.

---

Captain Annamary Sullivan, JAGC (argued); Lieutenant Colonel Paul J. Luedtke, JAGC, Major Rita R. Carroll, JAGC (on brief), for appellant.

Lieutenant Colonel Larry D. Williams, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC (on brief), for appellee.

Before WOLD, FELDER, and NAUGHTON Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

Appellant's conviction is based upon his pleas of guilty to taking indecent liberties and committing lewd acts with his seven-year-old stepson in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. 934 (1982). A panel of officers was assembled for sentencing. During voir dire, a court member revealed that his three sons were being treated by the same clinical psychologist who had been treating appellant's family. This psychologist was a prospective government witness in aggravation. The following exchanges occurred between counsel for both sides and the court member:

DC: Sir, you've indicated that you knew Captain Mollica and that there was some professional involvement there. Is this with your family?

MEM: Yes.

DC: And with a son or daughter?

MEM: With my children.

DC: And you saw him as a psychologist in his office?

MEM: It's on-going.

DC: I see. And this involves a son of yours?

MEM: It involves all three. I have three boys.

DC: I see. And your boys' ages were what, again?

MEM: Four, five and six.

DC: And when did this start?

MEM: Well, we've got two separate—we were referred to him, not necessarily to him but to his office, on a previous incident and this. That was all taken care of and then now I've got my family [with] him now, and they've started I think a week ago—two weeks ago.

DC: Okay. And I take it you're comfortable with his qualifications and consider him a well-read and experienced psychologist.

MEM: Yes.

DC: And I take it you trust his judgment?

MEM: Yes.

DC: Would it be difficult for you to discredit what he said if something else came to light that suggested that he has missed the boat on a particular issue?

MEM: I think I would weigh it equally, and I'm sure there [are] times when people can miss the boat on something, but I would weigh that with the input from either side equally. I don't think I favor one side or the other without listening to all of the facts and circumstances and without any partial type thing.

DC: I see. No further questions, Your Honor.

* * * * *

TC: [Sir], would your relationship with Dr. Mollica cause you to place undue emphasis on any testimony that he gives?

MEM: No.

TC: And would it affect your ability to reach a fair and impartial sentence in this case?

MEM: No.

The trial defense counsel challenged this member for cause because of his ongoing professional relationship with a potential government witness. The trial counsel op-

posed the challenge because no reason for the treatment of the member's sons had been given and the member affirmed that his relationship with the psychologist would not affect his ability to reach a fair sentence. The military judge denied the challenge and trial defense counsel exercised his peremptory challenge against another member. The psychologist eventually testified at trial and described the traumatic effects of appellant's criminal conduct on the members of appellant's family. The competence of the psychologist to testify was not challenged.

Appellant was sentenced to a dishonorable discharge, confinement at hard labor for ten years, forfeiture of $100.00 pay per month for ten years and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority approved only a bad-conduct discharge, confinement at hard labor for five years, forfeiture of $100.00 pay per month for five years and reduction to the lowest enlisted grade.

■ A personal relationship of a family or business character between a court member and a witness may be disqualifying on the theory of implied bias. *United States v. Baker,* 2 M.J. 773, 775 (A.C.M.R. 1976); *United States v. Miller,* 26 C.M.R. 570, 575 (A.B.R.1958). The theory presumes a court member is incapacitated to serve when his connection to a witness is shown to be such that prejudice is suspected when, in general, persons in a similar situation would be prejudiced. Moreover, trial judges have been exhorted by the President and the courts to be liberal in construing challenges for cause in the interest of having the proceedings free from substantial doubt as to legality, fairness, and impartiality. Paragraphs 62*h* (2), Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as M.C.M., 1969]; *United States v. Miller,* 19 M.J. 159, 164 (C.M.A.1985); *United States v. Hawks,* 19 M.J. 736, 738 (A.F.C.M.R. 1984); *United States v. Hayden,* 17 M.J. 749, 752 (A.C.M.R.1984). Unfortunately, this exhortation often has been ignored.

*United States v. Mason,* 16 M.J. 455, 457 (C.M.A.1983) (Everett, C.J., dissenting).

We have been unable to discover a decision, either military or civilian, which holds that a member is disqualified from serving on a case simply because his or his family's physician or psychologist is a potential witness for one side. We do note, however, that military law firmly places the burden on the moving party to maintain a challenge for cause, paragraph 62*h* (2), MCM, 1969; *United States v. Rice,* 16 M.J. 770, 773 (A.C.M.R.), *pet. denied,* 17 M.J. 194 (C.M.A.1983), and that the determination of the validity of a challenge is vested in the trial judge's sound discretion, the exercise of which we will not disturb on appeal absent a clear abuse of discretion. *United States v. Boyd,* 7 M.J. 282 (C.M.A.1979); *United States v. Findlay,* 7 M.J. 931 (A.C. M.R.1979), *pet. denied,* 8 M.J. 242 (C.M.A. 1980).

■ In this case, we conclude that the judge did not abuse his discretion by denying the challenge for cause. First, little was adduced from the voir dire of the challenged member concerning his sons' treatment other than the fact that they were being seen by the psychologist in his professional capacity. This circumstance does not automatically indicate an implied bias that requires excusal of the member. More probing inquiries during voir dire might have established the nature of the member's relationship with the psychologist or the type of treatment his sons were receiving. Such information, had it surfaced, could have provided a stronger basis for implying bias. *See Stevens v. Barnhart,* 45 Md.App. 289, 412 A.2d 1292 (1980); *Mackey v. Greenview Hospital,* 587 S.W.2d 249 (Ky.App.1979). Nevertheless, the record of trial reflects no such questioning.

Second, other than the existence of the relationship with the psychologist, the only significant comments made by the member during voir dire concerned his confidence in the psychologist's ability, his affirmation that he would not place undue emphasis on the psychologist's testimony, and his unequivocal belief that the psychologist's

presence as a government witness would not impair his ability to adjudge a fair and impartial sentence. The member's expression of trust in the psychologist's judgment is not, as appellant claims, disqualifying. That predisposition must be balanced against the member's acknowledgement that "there are times when people can miss the boat on something" and his pronouncement that he would not favor any side without listening to all the facts and circumstances. An inelastic attitude toward a witness' credibility is the evil to avoid, not mere predisposition to believe the witness. *Cf. United States v. Tippit,* 9 M.J. 106 (C.M.A.1980) (test to determine validity of challenge against member with predisposition to impose a punitive discharge for certain crimes); *United States v. Lane,* 18 M.J. 586 (A.C.M.R.1984) (challenge should be granted against member with inelastic predisposition against an accused). We have no reason to doubt the sincerity of the member's statements and therefore conclude, as did the military judge below, that he was mentally free to render a sentence based upon the law and the evidence, *United States v. McQueen,* 7 M.J. 281 (C.M.A. 1979), and that appellant failed to carry his burden of establishing the validity of this challenge for cause.

In any event, whatever error might possibly attend the existence of such a relationship was nonprejudicial under the circumstances of this case. The psychologist testified that appellant caused his stepson to be confused, frightened and withdrawn. He stated that because appellant's stepson, daughter and wife were devastated by his behavior and his betrayal, they would have serious difficulty in the future trusting anyone in a close personal relationship. He further testified that appellant's wife felt alternating senses of guilt, anger, hatred and remorse. Appellant then presented the testimony of a medical doctor to explain that appellant had been sexually abused as a child and that it is generally accepted in the medical community that one who has been abused during childhood usually develops deep-seated emotional conflicts which center on feelings of guilt and unworthiness. This tends to proceed to an inability to have a healthy sexual relationship with adults of the opposite sex. The doctor further testified that frequently one who has been abused as a child develops a desire to molest children. Appellant testified that as a result of his being molested as a child by his mother's boyfriend, he experienced fear, anger, and distrust toward that individual. Finally, the parties stipulated that the appellant's stepson "has been terrified of being with [appellant] since these offenses occurred."

In light of the foregoing, we are satisfied that the psychologist's testimony was harmless as an aggravating factor. First, the substance of the psychologist's testimony was to a considerable degree included in the doctor's testimony, appellant's testimony, and the stipulation of fact. Second, the psychologist's observations were uncontradicted and his conclusions were, we believe, within the common knowledge and expectations of the members. Finally, the substantial sentence reduction by the convening authority removed any risk of prejudice to appellant.

The remaining error assigned by appellant has been considered and found to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge NAUGHTON concur.