**UNITED STATES, Appellant,**

v.

**Fritz F. FRAGE, 139 60 4938, Ship's Serviceman Second Class (E–5), U.S. Navy, Appellee.**

U.S. Navy–Marine Corps Court of Military Review.

12 July 1988.

---

Lt. Howard B. Goodman, JAGC, USNR, Appellate Government Counsel.

Capt. Bradley G. Pollack, USMCR, Appellate Defense Counsel.

Before RILEY, Senior Judge, and CASSEL and RUBENS, JJ.

PER CURIAM:

This case comes before us as a government appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862. The issue presented is whether the military judge below was correct in dismissing all charges against the accused as being barred by the statute of limitations because the charges were never properly sworn to before an officer authorized to administer oaths.

The accused was charged with desertion terminated by apprehension, larceny of over $100 worth of food, and the unauthorized sale of the same food. The larcenies were alleged to have occurred between October 1982 and September 1983. The alleged desertion began in October of 1983. The accused was apprehended on 11 February 1988. On 28 June 1984, Ensign DEHAVEN (the legal officer) signed the charge sheet as an accuser. She signed and swore to the charges in front of LT SHAFFER, the Assistant Administrative Officer at the Naval Station, Roosevelt Roads. LT SHAFFER, however, was not authorized to administer oaths for military justice purposes, although both LT SHAFFER and Ensign DEHAVEN thought he did have such authorization.

At trial the accused objected to the Government's failure to properly swear to the charges, and he moved to dismiss all charges as being barred by the statute of limitations. The military judge granted his motion to dismiss.

Before this Court, the Government concedes that the charges in this case were not properly preferred because of the fact that LT SHAFFER was not an officer authorized to administer oaths for military justice purposes.[1]

---

1. Article 30(a), UCMJ, provides:

(a) Charges and specifications shall be signed by a person subject to this chapter under oath before a commissioned officer of the armed forces authorized to administer oaths and shall state—

(1) that the signer has personal knowledge of, or has investigated, the matters set forth therein; and

The Government asserts, however, that the error involved is one of mere form and that, despite the failure to adhere to the formalities of the Uniform Code of Military Justice, the accused's interests were properly and completely protected by the swearing process in this instance. The defense, on the other hand, argues that since the charges were never properly sworn to, there could be no tolling of the statute of limitations, and since the accused made a timely objection at trial, the charges must be dismissed. We agree with the defense.

■■■ "In no case may an accused be tried on unsworn charges over his objection." *United States v. Autrey*, 12 M.J. 547, 550 (A.C.M.R.1981), *pet. denied*, 13 M.J. 112 (C.M.A.1982). *See also* Article 30(a), UCMJ, 10 U.S.C. § 830(a); *United States v. Taylor*, 15 U.S.C.M.A. 565, 36 C.M.R. 63 (1965); and *United States v. Hill*, 4 C.M.R. 597 (A.F.B.R.1952). The Government's claim that military courts have not required strict compliance with the requirements of Article 30(a), UCMJ, is incorrect in the context of this case. It is true that mere procedural defects in the swearing process will not invalidate what would otherwise be a proper preferral. *See United States v. Koepke*, 15 U.S.C.M. A. 542, 36 C.M.R. 40 (1965), and *United States v. Autrey*, 12 M.J. 547 (A.C.M.R. 1981). In those cases, the swearing process was procedurally defective in that an officer properly authorized to administer oaths did so in an incorrect fashion.[2] In this case, however, the swearing process

was not merely flawed in form but rather was flawed in substance because of the fact that LT SHAFFER was not authorized by law to administer oaths. What occurred had no legal effect, and thus charges were never actually preferred.[3]

■■■ We do not accept the Government's argument that this error was harmless because of the military judge's finding that ENS DEHAVEN thought she was properly swearing to the charges. While it is true that the swearing process is principally designed to protect an accused from prosecution on unfounded, frivolous charges, *see United States v. Taylor*, *supra*, and *United States v. Westergren*, 14 C.M.R. 560 (A.B.R.1953), we do not view the concept of prejudice in such narrow confines. In this regard, it is important to note that the failure to properly swear to the charges involves concepts of military due process, and in this particular case, created a complete bar to prosecution because of the running of the statute of limitations. *See United States v. Hill*, *supra*, at 599 and *United States v. Clay*, 1 U.S.C.M.A. 74, 1 C.M.R. 74 (1951). To accept the Government's argument would be to graft onto Article 30(a) a "good faith" exception which would necessitate a subjective analysis into the mind of every accuser who swears to charges in front of one not authorized to administer oaths. The procedural requirements of Article 30(a) were meant precisely to avoid the need for such inquiries.

---

(2) that they are true in fact to the best of his knowledge and belief.

2. In *Koepke,* the accusers signed the charge sheets in front of persons qualified to administer oaths but there was no formal ceremony. At trial, the accusers and the officers who witnessed the signatures testified that the signing was meant to be a formal process, although no procedure (e.g., raising the hand, using the bible, etc.) was followed. The trial judge overruled the accused's objection.

In *Autrey,* the charges were originally signed by the accuser but were not sworn to. Later, the accuser (along with the accused) appeared in front of an officer qualified to administer oaths and swore to the charges—effectively reaffirming his signature. The accused objected at trial. The trial judge overruled the objection.

In both cases the trial judge's rulings were affirmed on appeal. The courts reasoned that a mere failure of form will not suffice to overturn otherwise validly preferred charges.

3. We decline to follow Judge Dunbar's opinion in *United States v. Molina,* No. 76–2320 (NCMR 1 February 1977), a case factually similar to the one *sub judice.* In that case Judge Dunbar reasoned that swearing to one not authorized to administer oaths is proper unless that person is "obviously not authorized to administer oaths." Slip opinion at 3. We do not believe that the UCMJ provides for such a subjective analysis concerning an accused's right to be tried on sworn charges.

Accordingly, we affirm the ruling of the military judge below. The government appeal is denied.