**Fritz F. FRAGE, 139 60 4938, Ship's Serviceman Second Class (E–5), U.S. Navy, Petitioner,**

v.

**Donald E. EDINGTON, Captain, U.S. Navy, Military Judge, and John A. Moriarty, Rear Admiral, U.S. Navy, Commander, U.S. Naval Activities, Caribbean, Respondents.**

U.S. Navy–Marine Corps Court of Military Review.

21 July 1988.

Lt. Howard Goodman, JAGC, USNR, Appellate Government Counsel.

Lt. Daniel W. Dooher, JAGC, USNR, Appellate Defense Counsel.

Capt. Bradley G. Pollack, USMC, Appellate Defense Counsel.

Before RILEY, Senior Judge, and MIELCZARSKI and ALBERTSON, JJ.

PER CURIAM:

Petitioner was charged with desertion, larceny, and wrongful sale of government property. He was placed in pretrial confinement on 11 February 1988. At an Article 39(a), Uniform Code of Military Justice (UCMJ) session on 29 April 1988, Petitioner moved that all charges and specifications be dismissed because the statute of limitations had run with respect to the offenses. His motion was based on the fact that the charges were never properly preferred because the accuser did not swear to the charges before a commissioned officer authorized to administer oaths, and thus there was no receipt of sworn charges to toll the statute of limitations. The military judge granted the motion and dismissed all charges and specifications. The Government filed notice of its intent to appeal the ruling under Article 62, UCMJ, 10 U.S.C. § 862. Shortly thereafter, the military judge denied the Petitioner's request to be released from confinement.

While this Court was considering the Government's Article 62 appeal, the Peti-

tioner's trial defense counsel, on 22 June 1988, filed a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus with the Court of Military Appeals. On 30 June 1988, the Government, on behalf of respondent Captain Edington, petitioned the Court of Military Appeals to forward the petition to this Court for resolution. On that same day, the Court of Military Appeals remanded the petition to us. On 12 July 1988, a panel of this Court denied the Government appeal of the military judge's ruling dismissing all charges. *See United States v. Frage*, 26 M.J. 924, (N.M.C.M.R. 1988). The Petitioner remains in pretrial confinement. We issued an order for the Government to show good cause why the Petitioner should not be released. Oral argument on this issue was presented on 15 July 1988.

Rule for Courts–Martial (R.C.M.) 305(d) provides that an accused can be placed in pretrial confinement where there exists a reasonable belief that (1) an offense triable by court-martial has been committed, (2) that the accused committed the offense, and (3) that confinement is required by the circumstances. The essence of the Government's position is that the decision to continue pretrial confinement during the pendency of a Government appeal under Article 62, UCMJ, is proper in this case, and that it is up to the Government alone to make that determination. Additionally, the Government contends we should defer to the decision of the convening authority, who determined that continued confinement was necessary because the Petitioner is a flight risk, and to the separate decision of the military judge upholding the convening authority's determination. Petitioner, on the other hand, cites the language of R.C.M. 304(g) as leaving no room for argument, and contends that it mandates his release since all charges have been dismissed.[1]

■ At the outset, we note that under normal circumstances, the decision whether to confine an accused during the pendency of a Government appeal rests within the discretion of the convening authority and the military judge in accordance with the guidelines set forth in R.C.M. 305(d). We further agree with the Government that the decisions of these individuals should be accorded due deference in review by this Court on a petition for extraordinary relief. We disagree with the Government, however, that continued confinement of the Petitioner is proper under the circumstances of this case.

■ R.C.M. 305(d) requires, as a prerequisite for the imposition of pretrial confinement, a reasonable belief that the accused has committed an offense triable by court-martial and that the circumstances require confinement. Continued confinement under this rule is generally authorized pending appeal by the Government under Article 62, UCMJ, assuming the earlier confinement was proper in the first place. No basis exists for continued confinement, however, in situations where further prosecution is barred by the trial court's ruling.[2] In the situation at hand, the military judge ruled that the prosecution of the Petitioner on the affected charges is absolutely barred by the Petitioner's invocation of the statute of limitations. Therefore, there is no "offense triable by court-martial." Hence, an essential element for pretrial confinement is lacking. R.C.M. 305(d); *See* Article 43, UCMJ, 10 U.S.C. § 843; *United States v. Frage, supra.*

---

1. R.C.M. 304(g) reads in part:
   "Pretrial restraint shall terminate when a sentence is adjudged, the accused is acquitted of all charges, or all charges are dismissed."
   We interpret this last clause as referring only to those charges dismissed which are not subject to immediate reinstatement. Consider, for example, charges dismissed for failure to state an offense because of defective pleading or other preferral or referral defects which are subject to expeditious cure. *See generally* Discussion and Analysis, R.C.M. 304(g).

2. Had the subject matter of the Article 62, UCMJ, appeal in this case involved a search and seizure issue, or the suppression of a confession, or any one of a host of other possible interlocutory rulings which might trigger a Government appeal, we could understand that alternate prosecutorial options might be available regardless of the outcome of the Article 62 appeal. Under those conditions continued confinement might be appropriate.

Certainly, if the Government so desires, it may continue its Article 62, UCMJ, appeal as permitted by law. However, based upon the existing state of affairs, we cannot allow the Government to continue pretrial confinement of the Petitioner on the hopeful speculation that the military judge's decision dismissing the charges will be reversed eventually by a higher appellate court.

It is therefore, by the Court, ordered that the said Petition for Extraordinary Relief in the Nature of A Writ of Habeus Corpus be, and the same is, hereby granted. The Petitioner shall be released from confinement.