UNITED STATES, Appellant

v.

DALE EUGENE MAY, Private, U. S. Marine Corps, Appellee

1 USCMA 174, 2 CMR 80

No. 241

Decided February 13, 1952

LTJG. Robert Emmet Dunne, USN, for Appellant.
CDR. Raymond W. Glasgow, USN, for Appellee.
CAPT. Francis C. Foley, USMC, Amicus Curiae.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused in this case was convicted of a violation of the Articles for the Government of the Navy, 34 USCA § 1200, (unauthorized absence) upon trial by general court-martial

held in accordance with the Uniform Code of Military Justice, 50 USCA §§ 551–736, and the procedure prescribed by the Manual for Courts-Martial, United States, 1951, (hereinafter referred to as MCM, 1951) as directed by Executive Order [1] promulgating said Manual. He was sentenced to confinement, loss of pay, and a bad conduct discharge. The convening authority approved the proceedings and sentence with mitigating action, and a board of review in the Office of The Judge Advocate General of the Navy affirmed the finding and sentence as mitigated. According to the record, the charge, upon which the accused was tried, was not sworn to before an officer of the armed forces authorized to administer oaths. The Judge Advocate General of the Navy has certified the following issue for decision:

Was the court deprived of jurisdiction by reason of the fact that the charges were not sworn to before an officer authorized to administer oaths?

Article 30(a) of the Uniform Code of Military Justice, 50 USCA § 601, provides in part:

"Charges and specifications shall be signed by a person subject to this code under oath before an officer of the armed forces authorized to administer oaths . . . ."

As this part of the Article requires a swearing before an officer authorized to administer oaths it appears to make little difference whether the failure was to swear to the charges, or whether the swearing was before an officer not in fact authorized to administer oaths. In this case, the officer was not qualified to administer an oath.

In view of the requirements of Ar-

ticle 30, and of the admitted fact that the officer was not authorized to administer oaths, it is plain that there was error, and that the procedure was not in accordance with the provisions of the Article and of the Manual.[2] Of this there is no doubt. But this is not decisive of the issue in this case. The question is, did the error substantially prejudice the rights of the accused?[3]

The federal courts have been called upon frequently to consider this same kind of question in construing the provisions of the Federal Rules of Criminal Procedure. They have uniformly held that failure to object to an error of this kind constitutes a waiver, as the defect is one of form rather than substance.[4] No objection was made at the time of trial. If the error in this case was one of form, timely objection was required.[5]

The present Manual for Courts-Martial, 1951 (pp 33, 34) discusses the requirements of Article 30(a). It contains the statement that "in no case may an accused be tried on unsworn charges over his objection." (p 34) The preceding Manuals for Courts-Martial contained similar provisions.[6] While these Manuals do not categorically spell out the answer to the question certified, it is quite apparent that in the absence of objection defects of form are waived. This precise issue had not been considered by us until presented in this case. However, the same question has received consideration by boards of review. Their decisions hold that such an error is not fatal, and is waived unless there is timely objection.[7]

The procedure in this case was not strictly in accord with the law or provisions of the Manual. It was error and should not be repeated. But it

---

[1] Executive Order 10214, dated February 8, 1951.

[2] MCM, 1951, pp 34, 467.

[3] Art 59(a), Uniform Code of Military Justice, 50 USCA § 646.

[4] See Annotations to Rule 7, Federal Rules of Criminal Procedure, (18 USCA, pp 142, 168, 178).

[5] MCM, 1951, p 96.

[6] MCM, 1949, p 25; MCM, U. S. Army, 1928, p 21.

[7] United States v. Cox, 3 CMR(AF) 270, 290; United States v. Johnson, 72 BR 317, 340; Dig Op JAG 1912–40, p 296.

did not materially affect the substantial rights of the accused. Accordingly the issue certified by The Judge Advocate General of the Navy is answered in the negative. The decision of the board of review herein is affirmed.

Judges LATIMER and BROSMAN concur.