UNITED STATES, Appellant

v.

DONALD L. MARCY, Commissaryman Second Class, U. S. Navy, Appellee

1 USCMA 176, 2 CMR 82

No. 260

Decided February 13, 1952

LTJG. Robert Emmet Dunne, USN, for Appellant.
CDR. Raymond W. Glasgow, USN, for Appellee.
CAPT. Francis C. Foley, USMC, Amicus Curiae.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This case is before the Court on a certificate from The Judge Advocate General of the Navy. It involves the same issue as that in the case of United States v. May, (No. 241), 1 USCMA 174, 2 CMR 80, decided this date. Our decision in the May case determines the issue here certified.

The accused in this case was convicted upon trial by special court-martial. The findings and sentence were approved by the convening authority and the officer exercising general court-martial jurisdiction, and thereafter affirmed by a board of review in the Office of The Judge Advocate General of the Navy.

The only distinction between this case and the May case is that in this case additional charges were added to a previously prepared charge sheet, without swearing to such additional charges, as required by Article 30(a), Uniform Code of Military Justice, 50 USCA § 601, while in the May case, the charge was sworn to before an officer not authorized to administer an oath. As we said in the May case, in view of the dual requirement that a charge be sworn to before an officer authorized to administer oaths, we see no substantial difference between a failure to swear, or the swearing before an officer not authorized to administer an oath.

Therefore, in accordance with our views in the May case, we hold that the procedure herein was error and not in accordance with Article 30(a) and the provisions of the Manual. But we hold that such error was not prejudicial and did not affect the substantial rights of the accused. Timely objection is certainly required to take advantage of any such error. There was no such timely objection here.

The action of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.