**In re Kathy ENGLISH and Foy L. English.**

**Bill PROFITT and Roy L. Seals, Plaintiffs,**

**v.**

**Foy L. ENGLISH and Kathy English, Defendants.**

Bankruptcy No. 83–001036.
Adv. No. 83–00476.

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

June 13, 1983.

Timothy P. Healy, Oliver & Oliver, Clarkesville, Ga., for plaintiffs.

John M. Brown, Clayton, Ga., for defendants.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The above styled adversary proceeding praying for relief from the automatic stay of U.S.C. 362(a) was set for a hearing and an answer was required on April 29, 1983, some two days after the complaint was filed and service of process obtained. The Chapter 11 petition was filed on April 22, 1983, and the complaint for relief from stay was filed April 26, 1983. Both parties were present and represented by counsel. At the hearing, this court considered the answer of the defendant which requested the removal of Civil Action S83–3–61 from Rabun County Superior Court, a dispossessory action pending in that State Court involving the Heart of Clayton Motel operated by defendant under lease from plaintiff landlord. At the hearing, the defendants moved this

Court to dismiss this action for lack of subject matter jurisdiction based on the decision of the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

Consistent with the opinion and order of this court in *Seven Springs Apartments,* Case No. 81–01382A, (BkrtcyN.D.Ga.) (1983) Norton, B.J., which opinion is adopted, incorporated and made a part hereof, the court rules as follows:

(1) That debtor defendants' (tenants) motion to remove the Civil Action Number S83–3–61 from the Rabun County Superior Court is hereby denied on the basis that this Court does not have subject matter jurisdiction over said proceedings and in the interest of justice and comity between State and Bankruptcy Courts;

(2) The plaintiff's (landlord) adversary proceeding to lift the stay is hereby dismissed on the basis that this court does not have subject matter jurisdiction or judicial power to terminate the automatic stay because in order to consider the issues of the stay and adequate protection, the court is called upon to determine the contract and property rights of the parties which are provided by State law.

In determining the issues on the stay and adequate protection, the court would be required to determine the legal merits of the debtor and landlord in the lease agreement which is governed by State law and the legal effect of this order of the Judge of the Superior Court in the pending dispossessory action. This is the very essence of the *Northern Pipeline decision.* The plaintiffs (landlord) contend the § 362(a) stay does not apply against plaintiffs because the order of dispossession was issued by the Superior Court Judge and served by the sheriff to effect possession in plaintiffs prior to the hour and date of filing of the Title 11 U.S.C. Chapter 11 petition, and thus the debtor has no interest to reorganize respecting the real property motel in question, and such property did not pass to the jurisdiction of the Bankruptcy Court when this Chapter 11 petition was filed.

(3) While this court does not possess constitutional exercisable jurisdiction to enter an order in respect to the continuation of the stay, and while this court has ruled in the *Seven Springs Apartments* opinion that neither does any other court have exercise jurisdiction, the legislative history of § 362 makes clear that the automatic stay in favor of the debtor at point of filing is not permanent and provision for termination or other relief from the stay is provided in subsection (d) and (e). See Interim Bankruptcy Rule 4001. After request is filed in the bankruptcy Court as plaintiff has filed herein pursuant to subsection (d) of § 362, the stay is automatically terminated under subsection (e) unless an order is entered within that thirty days to extend the stay. The Bankruptcy Court has jurisdiction of the Title 11 Chapter 11 case to entertain the adversary proceeding to terminate the stay, despite the fact this non-Article III judge has no constitutional power to exercise that jurisdiction by the entry of an order on the merits of the issues presented in the adversary proceeding. Hence, in the absence of an order to extend the stay, the stay terminates thirty days after the filing of the complaint for relief. Defendant (tenant) who moves this court to dismiss this adversary proceeding is in error that the filing of a Title 11 petition to effect the § 362(a) stay will continue the stay indefinitely because this court has no jurisdictional authority to rule on the complaint to lift the stay. If it were as defendant contends, the debtor would be the beneficiary of a statutory privilege and the creditor would be absent a procedural remedy. A right without a remedy may well be a void right. Thus, without a remedy to terminate the stay, the automatic stay may be inapplicable and of no effect. Subsection (e) provides the solution to the issue by providing automatic termination. The stay under § 362 is automatically provided to the debtor upon the filing of a Title 11 petition; but the stay is terminated in respect to a party in interest who files a complaint for relief from the stay automatically upon the passage of thirty days after

the filing of the request for relief and the absence of a judicial order to continue the stay.

IT IS SO ORDERED.