## In re NORTHWEST AGGREGATE & CONSTRUCTION CO., INC., f/d/b/a Farmco, Inc.

No. 86 C 20324.

United States District Court,
N.D. Illinois, W.D.

April 6, 1987.

Stephen G. Balsley, Rockford, Ill., for appellant.

## ORDER

ROSZKOWSKI, District Judge.

This case comes before the court as an appeal from a decision of the bankruptcy court. The bankruptcy court denied the appellant Stillman Valley National Bank's motion for relief from stay. Based upon the record and the briefs, and for the reasons set forth below, the court vacates the decision of the bankruptcy judge.

## BACKGROUND

The debtor Northwest Aggregate & Construction Company filed for relief under Chapter 11 of the Bankruptcy Code in December 1985. Pursuant to Section 362 of the Code, the filing stayed a state court foreclosure proceeding brought by Stillman Valley National Bank against Northwest Aggregate. *See,* 11 U.S.C. § 362. On May 16, 1986, Stillman Valley filed its motion for relief of stay under § 362(d) along with a Notice to Creditors. On June 13, the Bankruptcy Clerk's Office mailed the Notice to the debtor setting the hearing on the motion for July 3. Northwest Aggregate received the Notice on June 16.

The record on appeal contains two pieces of evidence which are relevant in disclosing the events of July 3. First, there is the order of the bankruptcy court continuing the *hearing* until July 28. Second, the docket contains an entry which reads:

7-3-86 Held hearing re: Motion for relief from automatic stay. Set for Trial 7/28/86 at 9:30 a.m. Stay continued until trial with any motion to dismiss etc. Set for 7/28/86 also.

(Docket Sheet, p. 2)

There is no evidence on record that the Bank agreed to any continuance.

On July 28, the court further continued the matter to August 5. On August 5 the court denied the Bank's motion for relief from stay.

The Bank appeals the bankruptcy court's decision on the ground that the stay automatically terminated pursuant to Section 362(e) thirty days after the Bank filed its motion for relief with the Bankruptcy Clerk's Office.

## DECISION

Section 362(e) provides that

(e) 30 days after a request under subsection (d) of this section for relief from stay of any act against property of the estate under subsection (a) of this section, such stay is terminated ... unless the court, after a notice and a hearing orders such stay continued in effect pending ... a final hearing and determination under subsection (d) of this section.

11 U.S.C. § 362(e).

The Bank contends that a "request" for relief from stay is made upon the filing of a motion with the bankruptcy court. Absent a final determination on the motion within thirty days or absent an order of court continuing the stay pending such a final determination, the stay automatically terminates thirty days after the filing of the motion. According to this analysis, then, the stay in the present case would have terminated automatically on June 12, 1986, thirty days after the Bank filed its motion.

This court disagrees with the Bank's analysis. Bankruptcy Rule 4001 provides that a request for relief from an automatic stay shall be made in accordance with Rule 9014. Rule 9014 is entitled "Contested Matters" and requires that relief in a contested matter shall be requested by motion and that the motion "shall" be served in

the manner provided for service of a summons and complaint by Rule 7004. Rule 7004 in turn provides for personal service or service by first class mail.

■ Clearly, the Code treats a motion for relief from stay as a contested matter, which, of course, is governed by the concept of fair notice. In furtherance of that concept, the rules require service of the motion on the debtor. This court agrees with the bankruptcy judge that a request under Section 362(d) is completed when the debtor receives notice of the motion for relief from stay rather than at the time the creditor files the motion.[1] Judge DeGunther correctly noted that a different reading of "request" could "lead to some very unfair results." (TR 51).

■ Turning to the present case, the court applies the rule that a "request" under Section 362(d) is made when the debtor receives notice of the motion. The debtor Northwest Aggregate received the Bank's notice on June 16. The bankruptcy court, therefore, was obligated to make a final determination on the motion or to continue the stay prior to July 16. All parties agree that the court did not make a final determination by July 16. The issue then is whether the bankruptcy court continued the stay within the thirty day period pending a final determination at a later time.

The bankruptcy court's order of July 3 stated only that the hearing was continued and not that the stay itself was continued; in contrast, the docket entry states that the stay was continued. Section 362(e) provides that the bankruptcy court can order a stay continued only "if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing." 11 U.S.C. § 362(e). The bankruptcy judge in the present case made no finding in its order of July 3, that the debtor probably would prevail in opposing the motion. Accordingly, this court finds that the bankruptcy judge did not in fact continue the stay, despite the docket entry to the contrary.

Clearly then, the bankruptcy court did not make a final determination on the Bank's motion by July 16, and did not, alternatively, enter an order prior to July 16 continuing the stay. Accordingly, the stay of the state proceeding automatically terminated on July 16.

### CONCLUSION

For the above-cited reasons, this court vacates the bankruptcy court's decision denying the Bank's motion for relief from automatic stay.

1. Appellant cites the case of *In re English*, 30 B.R. 688 (Bkrtcy.1983) in which Judge Norton of the Northern District of Georgia stated:
[T]he stay is terminated in respect to a party in interest who files a complaint for relief from the stay automatically upon the passage of thirty days after *the filing* of the request for relief and the absence of a judicial order to continue the stay. 30 B.R. at 689–90. (emphasis added).

However, the issue before Judge Norton was whether the Bankruptcy Court had jurisdiction to determine state law rights under the auspices of a motion for relief from stay. The reference to Section 362(e) was in passing and was not a ruling on when the 30 days under Section 362(e) begins to run. Judge Norton's statement is dicta and has no precedential value.