Fritz F. FRAGE, Ships Serviceman
Second Class, U.S. Navy,
Petitioner/Appellee,

v.

John A. MORIARTY, Rear Admiral,
U.S. Navy, Commander, U.S. Naval
Activities, Caribbean;

and

Everette D. Stumbaugh, Rear Admiral,
U.S. Navy, The Judge Advocate
General of the Navy;

and

Donald E. Edington, Captain, U.S.
Navy, Military Judge;

and

the United States of America,
Respondents/Appellants.

Nos. 88–33 to 88–35.
NMCMR 2898M, 1932M.

U.S. Court of Military Appeals.

Dec. 23, 1988.

For the Accused: *Captain Bradley G. Pollack, USMC* (argued); *Lieutenant Daniel W. Dooher, JAGC, USNR* (on pleadings).

For the Respondents: *Lieutenant Howard B. Goodman, JAGC, USNR* (argued); *Captain Wendell A. Kjos, JAGC, USN* (on brief).

*Opinion of the Court*

COX, Judge:

This case comes before us on consideration of petitioner's request for relief in the nature of "a writ of mandamus, ordering his release from confinement, in accordance with the writ" of "habeas corpus previously issued by the United States Navy-Marine Corps Court of Military Review," *see Frage v. Edington,* 26 MJ 927 (1988); the Government's writ-appeal petition for review of the decision granting that relief [1]; and upon certificate for review [2].

■ This Court ordered the petitioner and respondents to submit briefs addressing the following issues: whether the military judge properly ruled that the statute of limitations had run; whether petitioner should have been released from confinement immediately upon the military judge's ruling that the statute of limitations had expired; and any other issues the parties deemed appropriate. *Frage v. Moriarty,* 27 MJ 173 (CMA 1988). This Court also ruled "that, although he may be a flight risk," he "is not a risk to the national security, the community, or himself." Accordingly, we "ordered that petitioner Frage be released forthwith from pretrial confinement, subject to ... reasonable restrictions on his liberty ... to assure his availability for further proceedings." *Id.* at 174. Thus, the petition for extraordinary relief in the nature of a writ of mandamus is moot. In light of this disposition, it is also unnecessary for us to reach the issue presented by the writ-appeal petition. This leaves the certified issue for our consideration, and we turn now to address it. We answer the certified question in the negative and affirm the decision below. *See United States v. Frage,* 26 MJ 924 (1988).

This case presented several novel legal questions, stemming from a "technical" error in processing the charges for court-martial, and these issues were well and thoroughly briefed. However, to address the certified issue, we need only discuss the impact of the unsworn charges.

1. The issue presented in the writ appeal petition is:

WHETHER THE NMCMR ERRED AS A MATTER OF LAW BY HOLDING THAT R.C.M. 305(D) BARS PRETRIAL CONFINEMENT DURING ADJUDICATION OF A UCMJ, ARTICLE 62, APPEAL WHERE THE RULING OF THE MILITARY JUDGE DISMISSES THE CHARGES AND BARS FURTHER PROSECUTION.

2. The Judge Advocate General of the Navy certified the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW IN CONCLUDING THAT CHARGES WERE UNSWORN AND THE STATUTE OF LIMITATIONS UNTOLLED WHERE THE OFFICER WHO ADMINISTERED THE OATH TO THE ACCUSER HAD APPARENT, ALTHOUGH NOT ACTUAL, AUTHORITY TO DO SO.

The facts of the case are not contested. Petty Officer Frage became a suspect in a larceny investigation in October 1983, and he was placed on restriction. He broke restriction, and became absent without authority. On June 28, 1984, charges of desertion, larceny, and unauthorized sale of military property, in violation of Articles 85, 121, and 108, Uniform Code of Military Justice, 10 USC §§ 885, 921, and 908, respectively, were preferred against him in his absence. Frage was ultimately apprehended and returned to military control on February 11, 1988. He was found to be a flight risk and placed in pretrial confinement.

The timely receipt of sworn charges was of critical import in this case to toll the statute of limitations.[3] However, the ensign who preferred these charges in 1984 did so before an officer who was not authorized to administer oaths for military justice purposes. *See* Arts. 30(a) and 136, UCMJ, 10 USC §§ 830(a) and 936, respectively; and § 2502a, Manual of the Judge Advocate General of the Navy. During an Article 39(a)[4] session, on May 2, 1988, Frage moved to dismiss the charges and specifications on the ground that there had been no timely receipt of sworn charges, and thus, the statute of limitations had expired. The military judge granted the motion and dismissed the charges and specifications.

The Government urges us to apply a harmless error analysis "to the problem of technical defects in the preferral of charges," arguing that "[w]here an accuser believes the charges to which she is swearing are well founded, and where she believes that the oath she takes morally obligates her to God and renders her legally accountable for false swearing under the UCMJ, the accused has received all the process to which he is due under UCMJ, Article 30(a)." This approach misses the point.

There is no "good faith" exception to Article 30(a). Congress specifically stated in Article 30(a) that "[c]harges and specifications shall be signed by a person subject to this chapter under oath before a commissioned officer of the armed forces *authorized to administer oaths....*" (emphasis added). Those officers specifically authorized to administer these oaths are designated by Article 136 and by regulation and statute as provided for in Article 136. The Government concedes that the officer in question in this case was not authorized to administer oaths for military justice purposes.

 Swearing charges before an officer *not authorized* to administer oaths does not comply with Article 30(a), regardless of the perceptions of the officer who believes he is properly being sworn. We need not find that such a violation of Article 30(a) is a "jurisdictional" defect. *See generally* R.C.M. 201–203, Manual for Courts-Martial, United States, 1984. A violation of the technical requirements of Article 30(a) may be waived, *see United States v. May*, 1 U.S.C.M.A. 174, 2 C.M.R. 80 (1952); the error may be cured, so long as the statute of limitations has not run; and, indeed, if there is no objection taken at the time of trial, the error is waived.[5] How-

---

3. In 1986, Congress amended Article 43, Uniform Code of Military Justice, 10 USC § 843, and alleviated this dilemma. *See* National Defense Authorization Act for Fiscal Year 1987, Pub.L.No. 99–661, Title VIII, § 805(a), 100 Stat. 3816, 3908, *reprinted in* 1986 *U.S.Code Cong. & Admin.News*. Periods during which an accused is absent without authority are now excluded for purposes of computing the statute of limitations. *See* Art. 43(c), UCMJ, 10 USC § 843(c).

4. UCMJ, 10 USC § 839(a).

5. Congress has addressed this statute-of-limitations problem through the enactment in 1986 of Article 43(g), which provides:

(1) If charges or specifications are dismissed as defective or insufficient for any cause and the period prescribed by the applicable statute of limitations—
 (A) has expired; or
 (B) will expire within 180 days after the date of dismissal of the charges and specifications, trial and punishment under new charges and specifications are not barred by the statute of limitations if the conditions specified in paragraph (2) are met.

ever, the defect was not waived in this case. Therefore, the question is whether the charges were preferred in such a manner as to toll the statute of limitations.

■ The statute of limitations is only tolled when *sworn* charges and specifications are received by an officer exercising summary court-martial jurisdiction. Art. 43, UCMJ, 10 USC § 843. The next question is-what is required to constitute sworn charges? Para. 29*e*, Manual for Courts-Martial, United States, 1969 (Revised edition), in effect when these charges were preferred, and R.C.M. 307(b) of the current Manual, require that the "[c]harges and specifications ... be signed under oath before a commissioned officer of the armed forces *authorized to administer oaths.*" (Emphasis added.) That did not occur in this case. Therefore, "sworn charges" within the meaning of Article 30(a), paragraph 29*e*, and R.C.M. 307(b) were not received by the summary court-martial convening authority in this case. Therefore, the statute of limitations was not tolled, so granting Frage's motion for dismissal of the charges and specifications was proper.

(2) The conditions referred to in paragraph (1) are that the new charges and specifications must—
(A) be received by an officer exercising summary court-martial jurisdiction over the command within 180 days after the dismissal of the charges or specifications; and
(B) allege the same acts or omissions that were alleged in the dismissed charges or specifications (or allege acts or omissions that were included in the dismissed charges or specifications).

*See* paras. 68*c* and 215*d*, 1969 Manual, *supra;* R.C.M. 907(b)(2).[6]

The military judge properly dismissed the charges and specifications—his reliance on *United States v. Goodman*, 31 C.M.R. 397 (N.B.R. 1961), was not misplaced.

The certified question is answered in the negative.

The decision of the United States Navy-Marine Corps Court of Military Review upholding dismissal of the charges is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (dissenting):

I dissent. *See United States v. Walsh*, 22 USCMA 509, 513, 47 CMR 926, 930 (1973). There is no prejudice to the accused. This error is harmless. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). *See United States v. Marcy*, 1 USCMA 176, 2 CMR 82 (1952); *United States v. May*, 1 USCMA 174, 2 CMR 80 (1952). *See generally* Fed.R.Crim.P. 7(c)(3).

Therefore, situations such as the one presented by the case at bar should not be an issue in the future.

6. R.C.M. 907(b)(2) provides that "[a] charge or specification shall be dismissed upon motion made by the accused before the final adjournment of the court-martial in that case if ... [t]he statute of limitations (Article 43) has run...."