**UNITED STATES, Appellee,**

v.

**Sergeant Patricha F. MILLER, U.S. Air Force, Appellant.**

No. 65,677.

ACM 27958.

U.S. Court of Military Appeals.

Argued May 7, 1991.

Decided Sept. 18, 1991.

For Appellant: *Captain Ronald A. Gregory* (argued); *Lieutenant Colonel Jeffrey R. Owens* (on brief).

For Appellee: *Captain Jeffrey C. Lindquist* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

Contrary to her pleas, a general court-martial found appellant guilty of eight specifications of uttering worthless checks, in violation of Article 123a, Uniform Code of Military Justice, 10 USC 923a, and one specification of dishonorable failure to maintain sufficient funds in the bank, in violation of Article 134, UCMJ, 10 USC § 934. This court-martial, which included members, convened at San Vito dei Normanni Air Station in Italy. On March 20, 1989, it sentenced her to a bad-conduct discharge and reduction to airman basic (E–1). On August 13, 1989, the convening authority approved the sentence but suspended the bad-conduct discharge.

The Court of Military Review directed a hearing pursuant to *United States v. Du-Bay*, 17 USCMA 147, 37 CMR 411 (1967), after appellate counsel raised an issue of improper referral of the above charges to trial. The court later reviewed the evidence taken at that hearing and affirmed the findings and sentence. 31 MJ 798 (1990).

This Court granted review on the following issue:

WHETHER THE ACCUSER'S DISBELIEF IN APPELLANT'S GUILT RENDERED THE PREFERRAL DEFECTIVE AND DEPRIVED THE COURT-MARTIAL OF JURISDICTION.

Relying in large part on the perceptive opinion of the court below, we hold that no violation of Article 30(a)(2), UCMJ, 10 USC § 830(a)(2), occurred—at least in this case. *Cf. United States v. Taylor*, 15 USCMA 565, 36 CMR 63 (1965).

The facts surrounding the granted issue are fully detailed in the opinion of the Court of Military Review. For purposes of our decision today, we note the following. On December 21, 1988, appellant's commanding officer preferred charges against her. At the time of preferral, the commander told the staff judge advocate (SJA) that he had "reservations about preferring" these charges. Initially, he questioned "the nature of the offenses and the level of disciplinary response he was being urged to take." Also, he was afraid appellant was being "singled out as an example," and he "doubted whether appellant had intended to defraud or to commit a criminal offense." Finally, he later testified that the SJA told him that, "if he did not prefer the charges," "another officer" [he believed this meant the group commander] would do so.

■ The SJA asserted that appellant's commander gave her (the SJA) assurance that he was comfortable preferring the charges and that he did not feel pressured or "coerced." The SJA stated that she had provided him with the investigative reports and explained the elements of proof of the offenses and the concept of intent to defraud. In the subsequent *DuBay* hearing, the military judge determined that the commander did not believe that appellant was guilty as charged when he preferred the charges. However, he also found that "[h]e was not coerced" or "forced" into taking the oath or signing the charge sheet. The Court of Military Review opined that no Article 30(a) violation occurred in this case because the commander "generally" believed the Charges and specifications were true. 31 MJ at 802.

- - -

Article 30(a) provides:

§ 830. Art. 30. Charges and specifications

(a) *Charges and specifications* shall be signed by a person subject to this chapter under oath before a commissioned officer of the armed forces authorized to administer oaths and *shall state—*

(1) *that the signer has personal knowledge of or has investigated, the matters set forth therein; and*

(2) *that they are true in fact to the best of his knowledge and belief.*

(b) Upon the preferring of charges, the proper authority shall take immediate steps to determine what disposition should be made thereof in the interest of justice and discipline, and the person accused shall be informed of the charges against him as soon as practicable.

(Emphasis added.)

RCM 307, Manual for Courts-Martial, United States, 1984, similarly states:

Rule 307. Preferral of charges

(a) *Who may prefer charges.* Any person subject to the code may prefer charges.

### Discussion

No person may be ordered to prefer charges to which that person is unable to make truthfully the required oath. *See* Article 30(a) and subsection (b) of this rule....A person authorized to dispose of offenses (*see* RCM 306(a); 401–404 and 407) should not be ordered to prefer charges when this would disqualify that person from exercising that person's authority or would improperly restrict that person's discretion to act on the case. *See* RCM 104 and 504(c).

\*     \*     \*

(b) *How charges are preferred; oath.* A person who prefers charges must:

(1) Sign the charges and specifications under oath before a commissioned officer of the armed forces authorized to administer oaths; and

(2) *State that the signer has personal knowledge of or has investigated the matters set forth in the charges and specifications and that they are true in fact to the best of that person's knowledge and belief.*

Discussion

*See* Article 136 for authority to administer oaths. The following form may be used to administer the oath:

"You (swear) (affirm) that you are a person subject to the Uniform Code of Military Justice, that you have personal knowledge of or have investigated the matters set forth in the foregoing charge(s) and specification(s), and that the same are true in fact to the best of your knowledge and belief. (So help you God.)"

The accuser's belief may be based upon reports of others in whole or in part.

(Emphasis added.)

Neither of the above provisions of law requires a final or conclusive determination of an accused's guilt prior to his court-martial. Instead, the simple purpose of these provisions, like Fed.R.Crim.P. 7(c)(1), is accountability for charging. *See* Drafters' Analysis, Manual, *supra* at A21–19. As pointed out by the court below, the traditional purpose of the military charging provisions is "to insure the charges were not frivolous, unfounded, or malicious, but" are founded "in good faith." W. Winthrop, *Military Law and Precedents* 151 (2d ed. 1920 Reprint). 31 MJ at 802.

The *DuBay* hearing ordered in this case disclosed that the commander had full knowledge of the charges, evidence, and elements of proof. Appellant's commander stated after this court-martial that he did not personally believe appellant was guilty of the Charges and specifications when he earlier preferred them. His concern stemmed from his personal knowledge of appellant's performance and character and from the widespread practice of floating checks on this base. It was in this light that he was not convinced that appellant legally had an intent to defraud. *See* Art. 123a; para. 49 b(1) and c(14), Part IV, Manual, *supra*.

■ The commander, if a member of appellant's court-martial, may have found her not guilty of the Charges and specifications for either of the reasons mentioned above. *United States v. Vandelinder*, 20 MJ 41, 47 (CMA 1985). *See United States v. Shroeder*, 27 MJ 87, 90 (CMA 1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1121, 103 L.Ed.2d 184 (1989). *But see United States v. Smith*, 27 MJ 25, 28–29 (CMA 1988). However, his task in preferral was only to determine whether the Charges and specifications were "true in fact." Art. 30(a)(2); RCM 307(b)(2). We agree with the court below that these military justice functions are substantially different in scope and purpose. Moreover, we hold that the commander's disbelief as to ultimate guilt on these jury nullification-type grounds did not preclude his finding that the Charges and specifications as alleged were true in fact.

The decision of the United States Air Force Court of Military Review is affirmed.*

Judge COX and Senior Judge EVERETT concur.

---

* We, too, are troubled by the circumstances surrounding the pretrial proceedings in this case. *See* Art. 37, Uniform Code of Military Justice, 10 USC § 837; *see generally United States v. Hilow*, 32 MJ 439 (CMA 1991). Nevertheless, we are not persuaded that the Court of Military Review erred as a matter of law in concluding, after the ordered *DuBay* hearing, that no command influence existed in this case. *See United States v. Sullivan*, 26 MJ 442, 443 (CMA 1988). We join, however, in its wise words of caution. 31 MJ 798, 803 (1990).