**UNITED STATES, Appellee,**

v.

**Staff Sergeant Bruce W. AUE, 146–40–2993, United States Army, Appellant.**

**ACMR 9002740.**

U.S. Army Court of Military Review.

26 April 1993.

For Appellant: William J. Holmes (argued); Captain Beth G. Pacella, JAGC, Captain Holly K. Desmarais, JAGC (on brief); Major Fran W. Walterhouse, JAGC.

For Appellee: Captain Jane F. Polcen, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Joseph C. Swetnam, JAGC, Major Edith M. Rob, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, he was found guilty of sodomy with a child under the age of sixteen, indecent acts with a child under the age of sixteen, and indecent liberties with a child under the age of sixteen, in violation of Articles 125 and 134, Uniform Code of Military Justice, U.S.C. §§ 925 and 934 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for seven years, total forfeitures, and

reduction to Private E1. The convening authority approved the sentence.

This is the second time this case has been before us. After oral argument on 23 March 1992, this Court returned the case to the convening authority for a limited hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). The limited hearing was conducted and the case is again before us for further review under Article 66, UCMJ.

Initially, appellant asserted that the evidence was legally and factually insufficient to support the findings of guilty and the appropriateness of the sentence. He also asserted that the military judge engaged in judicial misconduct by prejudging appellant.

It was this latter assertion which caused this court to return the case for a limited hearing. Appellant now asserts that the findings of guilty and the sentence should be set aside because the actual or perceived misconduct of the military judge rendered the trial fundamentally unfair and violated due process. Appellant now also asserts that the charges were not properly preferred. Accordingly, he contends the charges are unsworn, and must be set aside. We find all of appellant's assertions of error without merit and affirm.

### Sufficiency of the Evidence

■ The charges of which appellant was found guilty arose from incidents of oral and anal sodomy with his stepson. These acts occurred on diverse occasions over a twenty-two month period. Between 25 December 1989 and 30 January 1990, appellant placed his hands upon the penis of his stepson. These acts took place when appellant was alone with his stepson except for one incident. During that incident, appellant showed his stepson and his stepson's friend "sex books," masturbated while looking at the "sex books" in front of the boys, told the boys to take down their pants, and committed oral sodomy upon his stepson while the friend watched. The boys were both twelve years old at the time of the trial. Both boys testified at trial.

Appellant's defense at trial was that he did not commit the alleged acts. Before us, he contends that both boys lied and their testimony is contradictory and inconsistent. He contends that Mrs. Aue encouraged the allegations against him; but she did not mention the alleged abuse in her divorce complaint and allowed the stepson to spend three weekends with him after she knew of the allegations. Appellant also points to the stepson's failure to report the alleged abuse to his school counsellor, that there is no showing of trauma to the stepson and that there is no evidence to corroborate the stepson's testimony. Appellant also maintains he is impotent. In this respect, we note that an expert testified that appellant had a potency weakness but could become sexually aroused and have orgasms.

Without reiterating the sordid details of appellant's acts, we hold that the evidence, when taken in the light most favorable to the prosecution, is legally sufficient to support the findings of guilty. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Using our factfinding powers under Article 66(c), UCMJ, recognizing that the trial court saw and heard the witnesses, we find the evidence factually sufficient to support the findings of guilty. *See United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

### Allegation of Judicial Misconduct

■ In a post-trial session conducted under the provisions of Article 39(a), UCMJ, appellant moved for a new trial on the basis of statements made by six noncommissioned officers (NCO). Four NCOs were witnesses for the defense. One was a guard and the other a spectator at the trial. The essence of their statements was that, during the trial but prior to the presentation of the defense case, the presiding judge's driver, Specialist (SPC) Lorrane Tillman, told the witnesses that she had talked to the judge, Colonel Pangburn, about the case and that he had already decided the case.

A post-trial session pursuant to Article 39(a), UCMJ, was conducted to inquire into this matter. Colonel Pangburn presided at this post-trial session. Five of the NCOs

testified. A stipulation of expected testimony by the sixth NCO was admitted into evidence. This evidence indicated that SPC Tillman had made the above statement while in the witness room during trial.

At the hearing, SPC Tillman denied making any such statement. She stated that she would never talk about a case because she was under a command from the Chief Circuit Judge, Colonel Wayne Iskra, not to talk about cases. She testified that she would never violate that command.

At the post-trial hearing, the military judge announced that prior to the trial he had no information about the case, other than the bare charges. On the way to the trial, he discovered that the driver SPC Tillman was trying to obtain some sort of driving certificate based upon accumulated mileage, had recently returned from a trial with another judge, and had not had much sleep. Colonel Pangburn had given her permission to nap in the judge's chambers. He spent most of his time in trial and little time "in chambers" on that day. He announced that he did not form or express any opinion concerning the guilt or innocence of appellant prior to his deliberations. During the trial, he went into chambers and SPC Tillman indicated she had been in the witness room. Upon being asked, she denied talking to witnesses. At the local officer's club, where the military judge had lunch with his driver, SPC Tillman asked a general question about the case. He told her that he would not discuss anything regarding the case.

At the post-trial 39(a) session, the military judge announced that he would treat the defense motion as a motion for a mistrial. He refused to make special findings and denied the motion.

After hearing oral argument in this case, this court ordered a limited hearing pursuant to *DuBay* to insure we had all the facts necessary to determine the issue. A different judge was detailed to conduct the hearing. At the *DuBay*, the witnesses' testimony, presented in person or by stipulation, was essentially the same as presented at the previous post-trial session.[1]

Colonel Pangburn, the military judge who presided at appellant's trial, testified. He testified that prior to the trial he had no knowledge of the case except for the charge sheet and convening orders. He stated that he had formed no opinion except that the charges were serious. During the trial, he had lunch with his enlisted driver at the officer's club. He explained that he had lunch with his driver and the court reporter on occasion. SPC Tillman had been his assigned driver and clerk for about eighteen months. Her office was just across the hall from his office. They talked frequently concerning professional and personal matters. They were "comfortable together." After cases Colonel Pangburn would talk to her about all aspects of a case.

Colonel Pangburn further testified that, at lunch during appellant's trial, SPC Tillman attempted to talk to him about the case, and he refused. During the trial, he had asked her if she had been in the witness waiting room. She told him that she had not. He stated that he conducted the post-trial session pursuant to Article 39(a), UCMJ. He had neither discussed the case with her nor decided the case prior to his deliberations. Subsequent to trial, he recommended that SPC Tillman be given an administrative letter of reprimand. He believed that her presence in the waiting room "looked bad."

SPC Tillman testified that on the day of appellant's trial she was exhausted because of her prior duties as a driver for another judge. She entered the witness waiting room to smoke because it was a designated smoking area. She had general discussions with the witnesses throughout the day on such matters as her assignment. She also explained to them various aspects of military law, including sessions conducted under Article 39(a), UCMJ. She had lunch with the military judge. She denied having any conversation with the military judge concerning appellant's trial. She testified

---

**1.** Appellant's unit commander also testified at the *DuBay*. He also testified that SPC Tillman made the statements that the military judge had already made his decision.

that she could not remember making statements to the witnesses that the military judge had already made up his mind in appellant's case. She did not, however, deny making the statements. SPC Tillman received an administrative letter of reprimand for her conduct and for her statements in the witness waiting room. She testified at the *DuBay* hearing pursuant to an order to testify based upon a grant of immunity.

The military judge found that SPC Tillman testified that she had no memory of making the statements. He found, "Specialist Tillman was evasive, guarded in her responses and possessed a convenient memory. Her in-court actions and responses resemble one attempting to play lawyer. She appeared to relish the attention paid her, and appeared pleased by her performance." He found that her opinions that the military judge had already made his decision were her own and had no basis in fact. The military judge found Colonel Pangburn's testimony straightforward and honest. He found that Colonel Pangburn did not form or express any opinions about appellant's case prior to deliberations. He found that the military judge did not inappropriately discuss the appellant's case with SPC Tillman. He further found that the testimony of the witnesses that SPC Tillman had made the statements was believable and consistent. He found that, although the military judge conducted the post-trial session in an impartial manner, he should have recused himself because, "the perception outweighs reality." He found that the defense witnesses believe that appellant did not receive a fair trial based upon the erroneous impression of Tillman's basis of knowledge and erroneous information of facts. He concluded

that a reasonable man viewing the entire trial would conclude appellant received a fair trial. Finally, he concluded that appellant received a fair trial and that his conviction was supported by ample evidence.

With these facts before us we are asked to determine if appellant received a fair trial. "It is axiomatic that no judge can participate in the adjudication of a case if he is not 'a neutral and detached judge.'" *United States v. Kincheloe*, 14 M.J. 40, 48 (C.M.A.1982), *citing Ward v. Village of Monroeville*, 409 U.S. 57, 62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). "Moreover, military justice is firmly committed to this proposition: '[T]he court's actions and deliberations must not only be untainted, but must also avoid the very appearance of impurity.'" *Kincheloe*, 14 M.J. at 48 (citations omitted). To determine if there is a basis for disqualification of a military judge, the test is whether a reasonable person who knew all the facts would question his impartiality. *Id.* at 50. *See also United States v. Soriano*, 20 M.J. 337, 340 (C.M.A.1985); *United States v. Berman*, 28 M.J. 615 (A.F.C.M.R. 1989). The test is objective. *Kincheloe*, 14 M.J. at 50. Mere suspicion is not enough; there must be some kind of probative evidence that would warrant a reasonable inference of lack of impartiality. *Id.*

In the case *sub judice*, we find nothing which causes us to disagree with the findings of the military judge at the *DuBay* hearing. We agree with the military judge. We do not believe that a reasonable person having full knowledge of appellant's trial, to include the evidence disclosed in the *DuBay* hearing, would question Judge Pangburn's impartiality.[2] *See United*

---

2. Our holding in this case should not be construed as condoning the practice of a military judge having lunch with his enlisted driver as occurred in this case. We recognize that officers should insure that subordinates are fed. This duty is a far cry from having lunch with an enlisted driver at an officers' club. This case illustrates the danger of such a practice. The perception of the relationship was summarized by the testimony at the *DuBay* of a first sergeant who stated, "[i]t is a lot different the way the administrative side of the house works com-

pared to the combat arms, they have a closer working relationship than we would with an actual clerk—I think the closeness in their relationship, as far as work atmosphere, she knows that person a heck of a lot better than I would take time that I would if I had my own clerk in my office, and just the comment that she had made, again, I was awed by it...." The problem illustrated by this case may have been avoided if a more traditional officer-enlisted relationship had been maintained.

**532**

*States v. Copening*, 34 M.J. 28, 29 (C.M.A. 1992) (*DuBay* hearing dispelled any suggestion of prejudice). We hold that appellant received a fair trial.

### Improper Preferral of Charges

█ Finally, appellant asserts that improper preferral of charges resulted in unsworn charges. At the *DuBay* hearing, Captain Polak testified that when he signed the charges he did not believe that they were true. He believed that they were so serious, however, that they should be determined by a court-martial. He testified, "My intention was that there was enough doubt to put it trial, that I didn't know he was guilty, but there was enough doubt in my mind, based on the information that I read that there is a possibility that it could happen." In further explanation, he testified, "What I said was, there is a possibility that this might be true. Personally, based on my personal opinion of [appellant] and my conversation with his wife and what was going on, I personally felt that I didn't think it was true, but there was enough doubt there to say, let's put this thing into court."

The military judge who conducted the *DuBay* hearing found, "I find that when CPT Polak viewed the evidence with an unbiased, professional view he concluded there was sufficient evidence to warrant trial by court-martial. I further find that no inappropriate pressure was exerted upon CPT Polak."

As the basis for this assertion appellant's counsel cites *United States v. Bolton*, 3 C.M.R. 374 (A.B.R.), *petition denied*, 3 C.M.R. 150 (C.M.A.1952). That case held that, if the person who signed the charges did not believe the accused guilty, then the charges were in effect unsworn. The court accordingly held that trial upon unsworn charges was a procedural error. Absent a timely objection, it did not affect the jurisdiction of the court or render the trial void. *Id.* at 379. Failure to swear to charges constitutes nonprejudicial error that is waived by lack of timely objection. *United States v. May*, 2 C.M.R. 80 (C.M.A.1952). *See also United States v. Miller*, 33 M.J. 235 (C.M.A.1991) (Commander's disbelief in

ultimate guilt of an accused does not preclude him from determining that charges are true in fact for purposes of preferral).

In appellant's case, no objection was made at trial that the charges were unsworn. We hold that any error in this respect was waived by lack of timely objection.

The remaining assignment of error concerning the appropriateness of appellant's sentence is also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.