UNITED STATES, Respondent,

v.

Master Sergeant Paul R. MILLER, FR001–38–6743, Petitioner.

No. 96–05.

U.S. Air Force Court of Criminal Appeals.

31 May 1996.

Before DIXON, SCHREIER, and STARR, Appellate Military Judges.

PER CURIAM:

This petition for extraordinary relief in the form of a Writ of Habeas Corpus was filed on 16 May 1996. Petitioner seeks his immediate release from confinement pending a decision on whether this Court's opinion modifying his sentence will be certified to the United States Court of Appeals for the Armed Forces pursuant to UCMJ, Article 67(a)(2), 10 U.S.C.A. § 867(a)(2). The decision which precipitated this petition was issued by this Court on 7 May 1996. *United States v. Miller*, 44 M.J. 549 (A.F.Ct.Crim.App.1996). In that opinion, we modified the findings of guilty on two specifications, and set aside another specification for factual insufficiency. We also found the evidence legally insufficient to support petitioner's conviction of the offense of pandering. Finding it necessary to reassess petitioner's sentence because of our legal and factual conclusions, this Court reduced petitioner's sentence to confinement from eight years to 48 months.

Relying upon the reassessment in our opinion, officials at the U.S. Disciplinary Barracks at Fort Leavenworth, Kansas, determined that petitioner's adjusted minimum release date was 8 May 1996 and advised that petitioner would be released. However, Air Force authorities concluded that the proposed release was premature, since The Judge Advocate General had not decided whether to certify the case to the United States Court of Appeals for the Armed Forces. To forestall petitioner's premature release from confinement, Air Force authorities ordered petitioner's transfer from the U.S. Disciplinary Barracks to the Charleston Naval Brig, where he remains confined. Petitioner asserts that his confinement past his adjusted minimum release date is illegal and requests this Court to order his release pending the decision on certification.

■ Government's counsel contends decisions of this Court are not final because they are not accompanied by a mandate. She further argues that because this Court's opinions are not self-executing, we lack the authority to order petitioner's release. We disagree with both arguments. The authority of this Court to grant relief under the All Writs Act, 28 U.S.C. § 1651(a), is well established. *Moore v. Akins*, 30 M.J. 249, 253 (C.M.A.1990); *Frage v. Moriarty*, 27 M.J. 341 (C.M.A.1988); *Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979). Accordingly, we conclude we have both jurisdiction over petitioner's case, and the authority to order petitioner's immediate release if we deem it appropriate.

■ However, our conclusion that we have the authority to order petitioner's release does not mean this Court should exercise that authority at this time. Absent a clear showing that extraordinary relief is required to preclude an injustice, we are reluctant to

invoke our All Writs authority. Stated simply, we are not satisfied that petitioner has shown that his release prior to the expiration of the designated period for seeking further review of our decision is necessary to prevent an injustice.

■ We do not base this decision upon the government's assertion regarding the "non self-executing" nature of our opinions. Furthermore, we specifically reject the government's claim that our decisions are "inchoate" and have "no legal effect" upon the findings and sentence prior to the expiration of the time for requesting reconsideration. Neither a motion for reconsideration by the parties nor a decision by the The Judge Advocate General to seek further review under Article 67, UCMJ, *vacates* a decision of this Court. In either case, the decision stands as released until action is taken by this Court to withdraw it or by the United States Court of Appeals for the Armed Forces to set it aside. Our authority as a Court is derived from Article 66 of the UCMJ (10 USC § 866) which, in paragraph (e), directs The Judge Advocate General to instruct that action be taken in accordance with our decisions. That paragraph uses identical language to that regarding decisions of the United States Court of Appeals for the Armed Forces in Article 67(e), UCMJ.

Nevertheless, we recognize that The Judge Advocate General has the option to forward decisions of this Court for review by the United States Court of Appeals for the Armed Forces. Article 67(a)(2), UCMJ. In that regard, we note that government's counsel represented to this Court during a hearing that the Appellate Government Division would recommend that The Judge Advocate General exercise that option with respect to the recent decision which reassessed petitioner's approved sentence. This Court recognizes that there is at least a plausible basis for seeking such a review. Likewise, we recognize the established rules which contemplate that the decision to request such a review will be made within 30 days and that the established period will expire on 6 June 1996. Moreover, in light of the determination that petitioner has reached his minimum release date, we are confident that The Judge Advocate General will not unnecessarily delay the decision on whether to seek further review of our decision. Under these circumstances, we find insufficient basis at this time for granting the requested relief. Accordingly, the petition for extraordinary relief is

DENIED.